IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ROSLAND STARKS,<br><br>                    Defendant. | 4:14-CR-3015<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed an objection (filing 171) to the presentence report.

      IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

   (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no motions that require resolution at sentencing. The defendant has filed an objection (filing 171) objecting to the presentence report in several respects, which the Court will discuss in turn

    (a)    The defendant objects to the two-level enhancement for a vulnerable victim pursuant to U.S.S.G. § 3A1.1(b)(1). That two-level enhancement applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim," who is defined as a victim of the offense of conviction "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.*, cmt. n.2.

           There is little dispute that the victims in this case were vulnerable within the meaning of § 3A1.1(b)(1). *See generally United States v. Whitlow*, 124 F.3d 218 (10th Cir. 1997) (unpublished table decision). But the defendant argues that "others devised and managed the conspiracy, that she had no knowledge of the characteristics of the victims, did not contact victims . . . and did not know that the victims were vulnerable victims . . . ." Filing 172 at 3. And when the defendant objects, it is the government's burden to prove the applicability of an enhancement by a preponderance of the evidence. *See, United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012); *United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012); *United States v. Myers*, 481 F.3d 1107, 1109-10 (8th Cir. 2007). The Court will, therefore, resolve this issue at sentencing.

    (b)    Based on the same facts, the defendant objects to the lack of a two-level downward adjustment pursuant to U.S.S.G. § 3B1.2(b), based on her allegedly minor role in the offense. Filing 172 at 3-4. To qualify for such an adjustment, the defendant must be "less culpable than most other participants." *Id.*, cmt. n.5. The Court must determine the relevant conduct, and compare the defendant's actions against those of the other participants, evaluating her culpability in relation to the elements of the

        offense. *United States v. Pinkin*, 675 F.3d 1088, 1090 (8th Cir. 2012). And on this issue, the defendant has the burden of proof. *Id.* The Court will also resolve this issue at sentencing.

- (c) The defendant objects to the presentence report's inclusion of only a two-level decrease for acceptance of responsibility. The defendant contends that the government agreed to move for reduction by one additional level pursuant to U.S.S.G. § 3E1.1(b). But that decrease is only available if the government moves for the reduction, the defendant qualifies for the initial two-level decrease under subsection (a), *and* "the offense level determined prior to the operation of subsection (a) is level 16 or greater[.]" *Id.* In this case, before the two-level reduction, the defendant's offense level was only 13. Therefore, the defendant does not qualify for the additional one-level reduction, and her objection to the contrary will be overruled.

- (d) Finally, the defendant objects to a point being added to her criminal history calculation based on a 2002 conviction for criminal mischief, for which she was sentenced to 10 days in jail. The defendant argues that "[a] sentence imposed more than ten years prior to the commission of the instant offense is not counted." Filing 172 at 4. But that is not precisely what U.S.S.G. § 4A1.2(e) provides. Instead, a sentence of less than 1 year and 1 month is counted if it "was imposed within ten years of the defendant's *commencement* of the instant offense[.]" *Id.* (emphasis supplied); *see United States v. Delgado-Hernandez*, 646 F.3d 562, 566-67 (8th Cir. 2011). The prior sentence at issue here was imposed on July 9, 2002. The instant offense, as stated in Count I of the indictment, is a conspiracy that commenced "no later than on or about May 31, 2011[.]" Filing 51 at 1. Several of the overt acts specifically attributed to this defendant were committed in July and September 2011. Filing 51 at 4-5. The defendant pled guilty to Count I and admitted those overt acts at her change of plea hearing. Filing 113 at 19-20. There is, therefore, no basis to conclude that the prior sentence was not imposed within 10 years of the commencement of the instant offense. The defendant's objection in this regard will be overruled.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

      preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of July, 2014.

                                      BY THE COURT:

                                      John M. Gerrard
                                      United States District Judge